## CERTIFICATE OF SERVICE

I, Kevin F. O'Brien, attorney for Debtor(s), do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following parties to be served electronically via ECF:

Locke D. Barkley
Chapter 13 Trustee
sbeasley@barkley13.com

MS. US Trustee
USPTPRegion05.AB.ECF@usdoj.gov

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by U.S. Mail, postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004

First Franklin Financial
PO Box 664
Senatobia, MS 38667

Mariner Finance
8211 Town Center Dr.
Nottingham, MD 21236

Tower Loan of MS
PO Box 320001
Flowood, MS 39232

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by U.S. mail, postage prepaid, to all other parties listed on the attached master mailing list (Matrix).

Dated: January 30, 2019

/s/ Kevin F. O'Brien

Kevin F. O'Brien
Attorney for Debtor(s)
1630 Goodman Rd. East – Suite5
Southaven, MS 38671
(662) 349-3339

Label Matrix for local noticing
0537-1
Case 19-10379-JDW
Northern District of Mississippi
Aberdeen
Wed Jan 30 14:37:20 CST 2019

PennyMac Loan Services, LLC
P.O. Box 2010
Moorpark, CA 93020

The Bureaus, Inc./Synchrony Bank
c/o PRA Receivables Management, LLC
P O Box 41021
Norfolk, VA 23541-1021

U.S. Bankruptcy Court
Cochran U.S. Bankruptcy Courthouse
703 Highway 145 North
Aberdeen, MS 39730-9569

1st Heritage Credit
454 Highway 6 East
Batesville, MS 38606-3000

Alcoa Billing Center
3429 Regal Drive
Alcoa, TN 37701-3265

Ally Financial
P.O. Box 380901
Minneapolis, MN 55438-0901

Baptist
PO Box 17127
Memphis, TN 38187-0127

Capital One Bank USA NA
PO Box 30281
Salt Lake City, UT 84130-0281

Capital One/Bombardier
P.O. Box 30253
Salt Lake City, UT 84130-0253

Chrysler Capital
PO Box 961275
Fort Worth, TX 76161-0275

Comenity Bank/ Victoria's Secret
PO BOX 182789
Columbus, OH 43218-2789

ComenityCapitalBank/True
P.O. Box 182120
Columbus, OH 43218-2120

Conn Credit Corp
P.O. Box 2358
Beaumont, TX 77704-2358

Cons Rec Sys
P.O. Box 1719
Memphis, TN 38101-1719

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872

Diversified Recovery Services
1164 Vickery Lane Ste 103
Cordova, TN 38016-0628

East Memphis Anesthesia Services, Pllc
1068 Cresthaven Suite 150
Memphis, TN 38119-3859

Fedloan Servicing
POB 60610
Harrisburg, PA 17106-0610

First Franklin Financial
PO Box 644
Senatobia, MS 38668-0644

First Premier Bank
3820 N. Louise Ave
Sioux Falls, SD 57107-0145

Franklin Collection
P.O. BOX 3910
Tupelo, MS 38803-3910

Mariner Finance
8211 Town Center Dr.
Nottingham, MD 21236-5904

Medical Financial Services
6555 Quince Suite 301
Memphis, TN 38119-8220

Memphis Children's Clinic
1129 Hale Road
Memphis, TN 38116-6373

Mercury Card/FB&T
P.O. Box 84064
Card Services
Columbus, GA 31908-4064

Methodist Healthcare
1350 Concourse Ave. Ste. 600
Memphis, TN 38104-2028

Midsouth ENT
P.O. Box 2757
Cordova, TN 38088-2757

Midsouth Imaging & Therapeutics
PO BOX 5083
Memphis, TN 38101-5083

One Main
PO Box 1010
Evansville, IN 47706-1010

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Private National Mortgage
PO BOX 514387
Los Angeles, CA 90051-4387

Progressive Leasing
11629 S. 700 E.
Draper, UT 84020-8377

Progressive Leasing
256 W Data Drive
Draper, UT 84020-2315

Purchasing Power
1349 West Peachtree Street Northwest
#1100
Atlanta, GA 30309-2956

Puryear Lumber Company
111 North Park Street
Senatobia, MS 38668-2114

SOS Barnstore/Backyard Storage, LLC
2228 Plum Point Cv.
Southaven, MS 38672-6431

SYNCB/QVC
PO Box 965005
Orlando, FL 32896-5005

Senatobia Dental Care
5204 HWY 51 N
Senatobia, MS 38668-1712

Steamfitters Local Union 614 Improvement
3746 Jackson Avenue
Memphis, TN 38108-2017

Syncb/Care Credit
C/O PO BOX 965036
Orlando, FL 32896-5036

Syncb/lowes
PO Box 965005
Orlando, FL 32896-5005

Syncb/mega group usa inc.
C/O P.O. BOX 965036
Orlando, FL 32896-5036

The Bank of Missouri/Milestone
P.O. Box 4499
Beaverton, OR 97076-4499

Tower Loan of MS
POB 320001
Flowood, MS 39232-0001

U. S. Department of Education
In care of U. S. Attorney
900  Jefferson Avenue
Oxford MS 38655-3608

U. S. Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201-5022

Wyndam Vacation Resorts
10750 W. Charleston
Suite 130
Las Vegas, NV 89135-1049

Deana E McGowen
9567 Holly Springs Rd.
Hernando, MS 38632-9303

Kevin F. O'Brien
1630 Goodman Road East
Suite 5
Southaven, MS 38671-9556

Locke D. Barkley
6360 I-55 North
Suite 140
Jackson, MS 39211-2038

Robert W McGowen
9567 Holly Springs Rd.
Hernando, MS 38632-9303


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)PennyMac Loan Services, LLC
P.O. Box 2010
Moorpark, CA 93020

End of Label Matrix
Mailable recipients    51
Bypassed recipients     1
Total                  52

(12/2017)

| | |
|---|---|
| Debtor 1  Robert    W.    McGowen | ☐ Check if this is an amended notice. |
| Debtor 2  Deana    E.    McGowen | |

United States Bankruptcy Court for the Northern District of Mississippi

Case number 19-10379-JDW

## Notice of Filing Chapter 13 Plan and Motions for Valuation and Lien Avoidance

The above-named Debtor(s) has filed a *Chapter 13 Plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above-referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at 703 Hwy. 145 North, Aberdeen, MS 39730 on or before **March 13, 2019**. Copies of the objection must be served on the Trustee, US Trustee, Debtor(s), and Attorney for Debtor(s).

Objections to confirmation will be heard and confirmation determined on **April 16, 2019 at 1:30 pm, Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655** unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

X  /s/ Kevin F. O'Brien            Dated: 1/30/2019
Signature of Attorney for Debtor(s)

1630 Goodman Rd East – Suite 5
Southaven, MS 38671
(662) 349-3339  MSB# 10731
bankruptcy@obrienfirm.com

**Fill in this information to identify your case:**

Debtor 1: Robert W. McGowen
Full Name (First, Middle, Last)

Debtor 2: Deana E. McGowen
(Spouse, if filing) Full Name (First, Middle, Last)

United States Bankruptcy Court for the: Northern District of Mississippi

Case number: 19-10379
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance        12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☑ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

### 2.1 Length of Plan.

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

### 2.2 Debtor(s) will make regular payments to the trustee as follows:

Debtor shall pay $ __228.25__ (☐monthly, ☐semi-monthly, ☑weekly, or ☐bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> Nance Mechanical Services, LLC
> 1695 Barcrest Road
> Memphis, TN 38134

Joint Debtor shall pay $ _____ (☐monthly, ☐semi-monthly, ☐weekly, or ☐bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

### 2.3 Income tax returns/refunds.

*Check all that apply.*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.
☐ Debtor(s) will treat income tax refunds as follows:

### 2.4 Additional payments.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.
☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

### 3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.)

*Check all that apply.*

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

3.1(a)  ☑ **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1st Mtg pmts to Private National Mortgage

Beginning 2/2019 @ $ 1,753.00  ☐ Plan ☑ Direct.  Includes escrow ☑ Yes ☐ No

1st Mtg arrears to _____ Through _____ $ _____

**3.1(b)** ☐ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property 1 address: _____

Mtg pmts to _____

Beginning _____ @ $ _____ ☐ Plan ☐ Direct.  Includes escrow ☐ Yes ☐ No

Property 1: Mtg arrears to _____ Through _____ $ _____

**3.1(c)** ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: _____ Approx. amt. due: _____ Int. Rate*: _____

Property Address: _____

Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)

Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____ /month, beginning _____
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| | | | | | |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| | | | |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.

For vehicles identified in § 3.2: The current mileage is _____

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| | | | |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.

*Insert additional claims as needed.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

Check one.

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| First Franklin Financial | Exempt HHG | 2797.00 | 0 | Non-PMSI | UCC |
| Mariner Finance | Exempt HHG | 4611.00 | 0 | Non-PMSI | UCC |
| Tower Loan of MS | Exempt HHG | 2776.00 | 0 | Non-PMSI | UCC |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

Check one.

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
|  |  |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

☑ No look fee: $ 3,600.00

    Total attorney fee charged: $ 490.00

    Attorney fee previously paid: $ 0

    Attorney fee to be paid in plan per confirmation order: $ 3,110.00

☐ Hourly fee: $ _____ . (Subject to approval of Fee Application.)

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ Internal Revenue Service  $ _____

☐ Mississippi Dept. of Revenue  $ _____

☐ Other _____
    $ _____

### 4.5 Domestic support obligations.

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO: _____

POST PETITION OBLIGATION: In the amount of $ _____ per month beginning _____
To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the total amount of $ _____ through _____ which shall be paid in full over the plan term, unless stated otherwise: _____
To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $ 47,221.00 .

☐ _____ % of the total amount of these claims, an estimated payment of $ _____

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 1,612.58 .
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| SOS Barnstore/ Backyard Storage, LLC | Storage Building | $ 200 <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | $ 0 | N/A |

*Insert additional claims as needed.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

> 1. Ally Financial has a secured claim in the approximate amount of $15,533.00 for a 2016 Nissan Altima. The Debtor will pay this indebtedness directly
> 2. Chrysler Capital has a secured claim in the approximate amount of $52,481.00 for a 2017 Ram Truck. The Debtor will pay this indebtedness directly.
> 3. Conn Credit Corp has a secured claim in the approximate amount of $4,119.00 for a washer and dryer. The Debtor will pay this indebtedness directly.

**Part 9:** **Signature(s):**

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.

✗ /s/ Robert W. McGowen
Signature of Debtor 1

Executed on 01/26/2019
MM / DD / YYYY

_____
Address Line 1

_____
Address Line 2

_____
City, State, and Zip Code

_____
Telephone Number

✗ /s/ Deana E. McGowen
Signature of Debtor 2

Executed on 01/26/2019
MM / DD / YYYY

_____
Address Line 1

_____
Address Line 2

_____
City, State, and Zip Code

_____
Telephone Number

✗ /s/ Kevin F. O'Brien
Signature of Attorney for Debtor(s)

1630 Goodman Rd. East Suite-5
Address Line 1

_____
Address Line 2

Southaven, MS 38671
City, State, and Zip Code

662-349-3339     10731
Telephone Number    MS Bar Number

kevin@obrienfirm.com
Email Address

Date 01/26/2019
MM / DD / YYYY